Opinion issued February
23, 2012

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 


 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 


 
 

 
 



NO. 01-11-00413-CR

____________

 








NOE VASQUEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 


 
 

 
 
 

On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1299913

 


 
 

 
 
 



MEMORANDUM OPINION








Appellant, Noe
Vasquez, pleaded guilty to the second-degree-felony offense of burglary of a
habitation with intent to commit assault, and pleaded “true” to two felony
enhancements. The trial court found appellant guilty, found the enhancements
true, and assessed punishment at 25 years’ confinement.  Appellant, proceeding pro se, filed a notice
of appeal.   

Appellant’s counsel on appeal has
filed a motion to withdraw, along with an Anders
brief stating that the record presents no reversible error and therefore the
appeal is without merit and is frivolous.  See
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  We grant counsel’s motion to withdraw and
affirm the trial court’s judgment.

An attorney has an ethical obligation
to refuse to prosecute a frivolous appeal.  In re Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).  If an appointed attorney finds a case to be
wholly frivolous, his obligation to his client is to seek leave to
withdraw.  Id.  Counsel’s obligation to
the appellate court is to assure it, through an Anders brief, that, after a complete review of the record, the
request to withdraw is well-founded. Id.

We may not grant the motion to
withdraw until:

(1)     the
attorney has sent a copy of his Anders
brief to his client along with a letter explaining that the defendant has the
right to file a pro se brief within 30 days, and he has ensured that his client
has, at some point, been informed of his right to file a pro se PDR; 

(2)     the attorney has informed us that he has performed the above
duties; 

(3)     the defendant has had time in which to file a pro se
response; and

(4)     we have reviewed the record, the Anders brief, and any pro se brief.

 

See id. at 408–09.  If we agree that the appeal is wholly
frivolous, we will grant the attorney’s motion to withdraw and affirm the trial
court’s judgment. See Garner v. State,
300 S.W.3d 763, 766 (Tex. Crim. App. 2009).  If
we conclude that arguable grounds for appeal exist, we will grant the motion to
withdraw, abate the case, and remand it to the trial court to appoint new
counsel to file a brief on the merits.  See Bledsoe v. State, 178
S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  

Here, counsel’s brief reflects that
he delivered a copy of the brief to appellant and informed him of his right to examine
the appellate record and to file a response. 
See Schulman, 252 S.W.3d at 408.  More
than 30 days have passed, and appellant has not filed a pro se brief.  See id.
at 409 n.23 (adopting 30-day period for response).  

          Counsel’s
brief meets the Anders requirements
in that it presents a professional evaluation of the record. See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400; see also High v. State, 573
S.W.2d 807, 812 (Tex. Crim. App. 1978). 
Counsel supplies us with references to the record and provides us with
citation to legal authorities.  Counsel
indicates that he has thoroughly reviewed the record and that he is unable to
advance any grounds of error that warrant reversal.  See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Mitchell v. State, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st
Dist.] 2006, no pet.).  

We have independently reviewed the
entire record, and we conclude that no reversible error exists in the record,
that there are no arguable grounds for review, and that therefore the appeal is
frivolous. See Anders, 386 U.S. at
744, 87 S. Ct. at 1400; Garner, 300
S.W.3d  at 767 (explaining that frivolity
is determined by considering whether there are “arguable grounds” for review); Bledsoe, 178 S.W.3d at 826–27 (emphasizing
that reviewing court—and not counsel—determines, after full examination of
proceedings, whether the appeal is wholly frivolous); Mitchell, 193 S.W.3d at 155.  Although we may issue an opinion explaining
why the appeal lacks arguable merit, we are not required to do so. See Garner, 300 S.W.3d
at 767.  An appellant may
challenge a holding that there are no arguable grounds for appeal by filing a
petition for discretionary review in the Court of Criminal Appeals. See Bledsoe, 178 S.W.3d 827 & n.6.

We affirm the judgment of the trial
court and grant counsel’s motion to withdraw.[1]
 Attorney Douglas M. Durham must
immediately send the notice required by Texas Rule of Appellate Procedure
6.5(c) and file a copy of that notice with the Clerk of this Court.  See
Tex. R. App. P. 6.5(c).

PER CURIAM

 

Panel consists of Justices Keyes, Bland, and Sharp.

 

Do not publish. 
Tex. R. App. P.
47.2(b).

 











[1]
             Appointed
counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Texas Court of
Criminal Appeals. See Bledsoe v. State,
178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); Stephens v. State, 35 S.W.3d 770, 771–72 (Tex. App.—Houston [1st
Dist.] 2000, no pet.).